IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN CROWELL, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  4:11-cv-393 |
| | § | |
| ESC-NGH, L.P. d/b/a EMERITUS AT | § | |
| CHAMPION OAKS a/k/a EMERITUS | § | |
| SENIOR LIVING, AND EMERITUS | § | |
| CORPORATION | § | |
| Defendants. | § | |

## DEFENDANTS' PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT AND BRIEF IN SUPPORT

DEFENDANTS, ESC-NGH, L.P. (incorrectly identified as d/b/a Emeritus at Champion Oaks a/k/a Emeritus Senior Living)[1] and EMERITUS CORPORATION, Defendants and file this Partial Motion to Dismiss for Failure to State a Claim or, in the alternative, Motion for More Definite Statement, and Brief in Support thereof and state:

## I.   STATEMENT OF THE CASE

This is an employment case.  Plaintiff is the former Executive Director of Emeritus at Champion, which is a Texas licensed assisted living community.  On December 23, 2010, Plaintiff Stephen Crowell ("Plaintiff") commenced an action in the 151st Judicial District of Harris County, Texas entitled *Stephen Crowell v. ESC-NGH, L.P. d/b/a Emeritus at Champion Oaks a/k/a Emeritus Senior Living, and Emeritus Corporation,* Cause No. 2010-83182.  In his Original Petition, Plaintiff made claims for alleged retaliation pursuant to the Texas Health & Safety Code as well as for race discrimination pursuant to 42 U.S.C. § 1981.  In light of the

---

[1]  Emeritus Corporation was at all times Plaintiff's employer and the only proper Defendant.

federal question presented, Defendants removed this case to this Court on January 28, 2010. Defendants now move to dismiss Plaintiff's Texas Health & Safety Code claim as there exists no statute in that Code which provides a private right of action against assisted living communities, such as the one where Plaintiff was employed.

## II.   PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### A.  Standard of Review

Rule 12(b)(6) allows the court to dismiss if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with FRCP 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of Rule 12(b)(6) is to test the legal sufficiency of the claims advanced in the complaint. *Grisham v. United States*, 103 F.3d 24, 25-26 (5th Cir. 1997).   "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (*quoting Twombly*, 550 U.S. at 544).

### B.  There Is No Private Right of Action In The Texas Health & Safety Code Which Is Applicable to Plaintiff's Claims

In *Plaintiff's Original Petition*, Plaintiff attempts to bring suit for a statutory retaliation claim against this licensed Texas assisted living community for alleged retaliation under the Texas Health & Safety Code.  *Plaintiff's Original Petition ¶ 8.*  Plaintiff does not identify which statute is applicable here but the only retaliation statute contained in the Health &

Safety Code Defendants are aware of which is applicable to assisted living communities is §
247.068 which provides:

> ### Sec. 247.068.  RETALIATION PROHIBITED.
>
> (a)  A person licensed under this chapter may not retaliate against a person for
> filing a complaint, presenting a grievance, or providing in good faith information
> relating to personal care services provided by the license holder.
>
> (b)  This section does not prohibit a license holder from terminating an employee
> for a reason other than retaliation.

TEX. HEALTH & SAFETY CODE ANN. § 247.068.  This statute does not, either explicitly or
implicitly, create a private right of action.  Accordingly, Plaintiff's retaliation claim brought
pursuant to the Texas Health & Safety Code must be dismissed for failure to state a claim upon
which relief can be granted.

### 1.   The Plain Language of § 247.068 Fails to Provide a Private Right of Action

"In construing statutes, [the] Court starts with the plain language of the statute."
*Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 2010 Tex. LEXIS 963 (Tex. Dec. 17, 2010).
While § 247.068 prohibits retaliation, there is nothing in the plain language of the statute which
gives a private individual the right to sue or recover damages.  *See e.g., id.* (holding private right
of action exists when statute allows a person to "sue or recover damages").  *See also Brown v. de
la Cruz*, 156 S.W.3d 560, 561 (Tex. 2004) (holding subsequent amendment to statute which
stated a violator could be "liable. . .for. . .damages" created a private right of action).  Section
247.068 clearly does not contain an express private right of action.  Accordingly unless this
Court implies a private right of action, Plaintiff's retaliation claim is not viable and must be
dismissed.

### 2.   No Private Right of Action Should Be Implied

When a private right of action is alleged to derive from a constitutional or statutory provision, it is the Court's "duty is to ascertain the drafter's intent." *Brown v. de la Cruz*, 156 S.W.3d 560, 563 (Tex. 2004).   To do so the courts must apply a rule of "strict construction" and imply private rights of action *only* when a legislative intent to do so appears in the statute as written. *Id.* at 567.

In considering Legislative intent, this Court must presume that when it enacted § 247.068, the Texas Legislature was familiar with the relevant jurisprudential landscape, including all statutes, pertaining to the same subject matter and all cases construing other statutes. *Allen Sales v. Servicenter, Inc. v. Ryan*, 525 S.W.2d 863, 866 (Tex. 1975); *Garner v. Lumberton Ind. Sch. Dist.*, 430 S.W.2d 418, 423 (Tex. Civ. App.—Austin 1968, no writ).  Based upon the statutes and case law which existed at the time § 247.068 was enacted, it is clear that there was no Legislative intent to create a private right of action for this statute.

The United States Supreme Court has instructed that when a statute is "flanked" by other statutes which explicitly create a private right of action, it is evident that the Legislature knows how to expressly create the appropriate remedy and no private right of action should be implied. *See Touche Ross & Co. v. Redington*, 442 U.S. 560, 99 S.Ct. 2479, 2487, 61 L.Ed.2d 82 (1979).  By the time § 247.068 was enacted, the Texas Legislature had already created other statutes within the Texas Health and Safety Code[2] which, by their plain language, created a private right of action against other types of health care providers including hospitals, mental

---

[2]   By the time § 247.068 was enacted, the Texas Legislature had already enacted § 161.134 (enacted in 1993) and § 242.133 (enacted in 1989 and amended in 1991, 1997 and 1999).  Section 252.133 was enacted during the same legislative session as § 247.068.  None of these sections apply to assisted living communities and are inapplicable here.  In fact, in §247.003, the Texas Legislative specifically exempted assisted living communities from liability under §242.133. TEX. HEALTH & SAFETY CODE ANN. §247.003.

hospitals, drug treatment facilities, nursing homes, and long term care facilities.  *See* TEX. HEALTH & SAFETY CODE ANN. §§ 161.134, 242.133 and 252.132.

When § 247.068 is further compared to these other Health & Safety Code retaliation statutes, it is readily apparent that the Texas Legislature was aware of how to clearly create a cause of action for such claims.  Not only did the Texas Legislature expressly state in these statutes that suits for damages could be brought, the Texas Legislature also included in these statutes very detailed descriptions on what constitutes a violation of the statute (notably, all require a reporting a violation of law)[3], how one is to bring suit pursuant to these statutes, and what happens if a private litigant prevails.  These statutes all contain subsections specifying what damages can be awarded should a claimant prevail[4], the statutes of limitations[5], venue provisions[6], and even applicable burdens of proof[7].  This is exactly the type of "careful crafting" and "careful drafting" which is necessary to give employers notice of what they can and cannot do and, since §247.068, provides no such notice, the legislative intent is clear.  *Burgess*, 881 S.W.2d at 556.

---

[3]    Unlike these other statutes, §247.068 does not require a violation of law before liability can be imposed.

[4]    Section 161.134(c-e) (allowing recovery of actual damages (including mental anguish, exemplary damages, attorney's fees, reinstatement, lost wages, reinstatement of lost fringe benefits or seniority rights); § 242.133 (c-d) (petitioner may recover "greater of $1,000 or actual damage, including damages for mental anguish even if an injury other than mental anguish is not shown and damages for lost wages if the petitioner's employment was suspended or terminated", exemplary damages, court costs, reasonable attorney's fees, and injunctive relief where appropriate); § 252.132 (c-d) (same).

[5]    Section 161.134(h) (180 days); § 242.133 (90 days); § 252.132 (90 days).

[6]    Section 161.134 (g) (venue appropriate in district court where plaintiff was employed or where defendant conducts business); § 242.133 (venue appropriate where plaintiff resides, where plaintiff was employed by defendant or where defendant conducts business); § 252.133 (same).

[7]    Section 161.134 (f) ("A plaintiff suing under this section has the burden of proof, except that it is a rebuttable presumption that the plaintiff's employment was suspended or terminated, or that the employee was disciplined or discriminated against, for making a report related to a violation if the suspension, termination, discipline, or discrimination occurs before the 60th day after the date on which the plaintiff made a report in good faith); § 242.132 (h) ("The petitioner has the burden of proof, except that there is a rebuttable presumption that the person's employment was suspended or terminated for reporting abuse or neglect if the person is suspended or terminated within 60 days after the date on which the person reported in good faith); § 252.133 (same).

In addition, in 1996, a Texas Court considered whether to imply a private right of action for two retaliation statutes pertaining to healthcare providers. *In Cole v. Huntsville Mem. Hosp.,* 920 S.W.2d 364 (Tex.App.—Houston [1st Dist.] 1996 writ denied), the First District Court of Appeals considered whether to imply a private right of action under § 241.101 of the Texas Health and Safety Code and the Texas Medical Practices Act.  The Court of Appeals warned,

> We may impute an implication to a statute only when it is obvious that the legislature intended the implication and no other interpretation can be gathered from the statute as written; implications are never permitted if they will add to or contradict the statute.

*Id.*  In applying this rule of strict construction when considering these statutes, the First Court of Appeals held that because the Legislature had provided for enforcement through penalties and administrative regulations, no private right of action existed under these statutes.  *Id.* at 372-373. Therefore, this Court must assume that at the time the Legislature enacted § 247.068, three years after *Cole* was decided, the Legislature knew it needed to do more than just set forth administrative and civil penalties, as it did in Chapter 247, in order to create a private right of action.   Clearly the Texas Legislature knew how to create a private right of action for retaliation claims in the Health and Safety Code, and it could have easily provided a private right of action in § 247.068 had it chosen to do so.  It did not.  *Accord Hunter v. Fort Worth Cap. Corp.*, 620 S.W.2d 547, 552 (Tex. 1981) (if the Legislature had intended for shareholders of a dissolved corporation to be liable for causes of action which accrue after dissolution, it could have easily provided so in the language of the statute being construed).  Dismissal of this claim is clearly appropriate.

### 3.    The Texas Legislature Chose Its Remedies For Violations of This Statute

Plaintiff may argue that a private right of action should be implied because otherwise he has no remedy.  However, a private right of action should not be implied simply because the statute "fails to adequately protect intended beneficiaries."  *Brown*, 156 S.W.3d at 567.   The Texas Supreme Court has specifically disapproved of this rule of "necessary implication" in favor of a rule of "strict construction."  *Id.*  "The fact that a person has suffered harm from the violation of a statute does not automatically give rise to a private cause of action in favor of that person."  *Witkowski v. Brian, Fooshee & Yonge Propts.*, 181 S.W.3d 824, 831 (Tex.App.—Austin 2005) (declining to imply a right of enforcement for a federal statute).  As the United States Supreme Court has warned, "implying a private right of action on the basis of congressional silence is a hazardous enterprise at best."  *Touche Ross & Co. v. Redington,* 442 U.S. 560, 571, 99 S.Ct. 2479, 2486, 61 L.Ed.2d 82, 93 (1979).  Even if the Texas Legislature made a "mistake" by failing to include an express private right of action in § 247.068, that does not give the Courts "the power (as the United States Supreme Court has stated) 'to legislate . . . to fill any *hiatus* Congress has left.'"  *Brown*, 156 S.W.2d at 566, *quoting Touche Ross & Co.*, 442 U.S. at 579.

This argument further ignores that the Texas Legislature created an extensive regulatory and enforcement scheme for violations of Chapter 247.  In creating the Assisted Living Licensing Act, the Texas Legislature gave the Texas Department of Human Services the duty to impose "prompt and effective remedies for violations of this chapter and rules and standards adopted under this chapter." TEX. HEALTH & SAFETY CODE ANN. §247.0011(b)(6). The Texas Legislature gives the TDHS the power to deny, suspend or revoke an assisted living facility's license if it fails to comply with *any* provision of the Act.  TEX. HEALTH & SAFETY

CODE ANN. § 247.041(a)(1).  As such, as a matter of law, *only* the TDHS is authorized to redress complaints under § 247.068 and, therefore, a private individual is not authorized to bring suit for damages.  *See e.g., Cole*, 920 S.W.2d at 372.  *See also Culpepper v. Hospice of S. Tex., Inc.*, 2008 WL 375481 (S.D. Tex. 2008).

The Texas Legislature also gave the TDHS the power to investigate all complaints of abuse, exploitation and neglect and gave the TDHS specific actions it *shall* take when its investigation reveals the complaint is substantiated:

> If the thorough investigation reveals that abuse, exploitation, or neglect has occurred, the department shall:
>
> (1) implement enforcement measures, including closing the facility, revoking the facility's license, relocating residents, and making referrals to law enforcement agencies;
>
> (2) notify the Department of Protective and Regulatory Services of the results of the investigation;
>
> (3) notify a health and human services agency, as defined by Section 531.001, Government Code, that contracts with the facility for the delivery of personal care services of the results of the investigation; and
>
> (4) provide to a contracting health and human services agency access to the department's documents or records relating to the investigation.

TEX. HEALTH & SAFETY CODE ANN. § 247.043 (b).  In addition, the Department may assess administrative penalties of up to $1,000 per violation against any person who violates any part of the statute.  TEX. HEALTH & SAFETY CODE ANN. § 247.0451.  The Department can also seek injunctive relief and civil penalties for certain violations of the statute.  TEX. HEALTH & SAFETY CODE ANN. §§ 247.044, 247.045.  Because the Texas Legislature chose to create such an elaborate regulatory enforcement scheme for this statute, it is obvious that the Legislature intended to have that scheme, and not lawsuits by individuals seeking money damages, address

violations of the statute.  Any other interpretation which would add to its overall framework and that is not permitted as a matter of law.  *Cole*, 920 S.W.2d at 372-373.

### C.  Conclusion

Plaintiff has failed to state a claim upon which relief can be granted for retaliation pursuant to the Texas Health & Safety Code.  Section 247.068, the only statute applicable to assisted living communities, does not provide a private right of action.  Accordingly, dismissal pursuant to Rule 12(b)(6) is appropriate.

### III.     IN THE ALTERNATIVE, DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT

A motion for more definite statement is proper when a complaint is so vague that a defendant cannot frame a responsive pleading. FED. R. CIV. P. 12(e); *Sisk v. Texas Parks & Wildlife*, 644 F.2d 1056, 1059 (5th Cir. 1981). ("Under Rule 8(a) F.R.C.P. the complaint need only contain a 'short and plain statement of the claim showing the pleader is entitled to relief.' If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e) F.R.C.P.") (*citing* 5 Wright & Miller, FED. PRACTICE & PROCEDURE: CIVIL § 1356 at 590-591).

Plaintiff has brought suit against Defendants for an alleged statutory violation but Plaintiff has failed to identify what specific statute is applicable to his alleged claims.  Emeritus cannot properly formulate a responsive reply if it does not know what statute is at issue, and Emeritus is certainly not required to guess.  Accordingly, should this Court deny Defendants' Motion to Dismiss, Defendants move that Plaintiff be required to identify the specific retaliation statute which is applicable to his claims so that Defendants may properly respond.

FOR THESE REASONS, Defendants move this Court to grant Defendants' Motion for Partial Dismissal for Failure to State a Claim, dismiss Plaintiff's Texas Health and Safety Code retaliation claim pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, Defendants move this Court grant their Motion for More Definite Statement and for any such relief to which Defendants have shown themselves justly entitled.

Respectfully submitted,

*/s/ Rachel D. Ziolkowski*
Rachel D. Ziolkowski, Esq.
Attorney in Charge
State Bar No. 24003234
S.D. Bar No. 22347

JACKSON LEWIS LLP
3811 Turtle Creek Boulevard, Suite 500
Dallas, Texas 75219
PH:  (214) 520-2400
FX:  (214) 520-2008

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Southern District of Texas on February 3, 2011, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Margaret A. Harris
Butler & Harris
1007 Heights Boulevard
Houston, Texas 77008

*/s/ Rachel D. Ziolkowski*
ONE OF COUNSEL