IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEPHEN CROWELL, § | |
| § | |
| Plaintiff § | |
| § | |
| v. § | CIVIL ACTION NO. 4:11-cv-393 |
| § | |
| ESC-NGH, L.P. d/b/a EMERITUS AT § | |
| CHAMPION OAKS a/k/a EMERITUS § | |
| SENIOR LIVING, AND EMERITUS § | |
| CORPORATION § | |
| Defendants. § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(F) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   The following persons participated in a Rule 26(f) conference on April 5, 2011, by telephone: Margaret A. Harris and Allyson Johnson.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   On January 28, 2010, Defendants ESC-NGH, L.P. (incorrectly identified as d/b/a Emeritus at Champion Oaks a/k/a Emeritus Senior Living) and Emeritus Corporation ("Defendants") removed the state action entitled Stephen Crowell v. ESC-NGH, L.P. d/b/a Emeritus at Champion Oaks a/k/a Emeritus Senior Living, and Emeritus Corporation, Cause No. 2010-83182, 189th Judicial District Court, Harris County, Texas to the United States District Court for the Southern Division of Texas, Houston Division.

3. **Briefly describe what this case is about.**

   Plaintiff Stephen Crowell ("Plaintiff" or "Crowell") asserts that he was fired by his former employer, Emeritus at Champion Oaks a/k/a Emeritus Senior Living, and Emeritus Corporation in retaliation for his complaints about the employer's failure and refusal to provide the services and resources necessary to fulfill its responsibilities to the elderly and disabled individuals residing in the Assisted Living Community he directed. He further asserts that race discrimination by his superiors had a role in his termination.

   Defendants contend that Plaintiff's claims are without basis and unsupported by the evidence. Defendants further assert that they had legitimate, non-discriminatory reasons for dismissing Plaintiff. Defendants deny that Plaintiff is entitled to recover anything and asserts that their decisions concerning his employment were justified in accordance with the law and company policy.

**4.**  **Specify the allegation of federal jurisdiction.**

   This Court has jurisdiction under 28 U.S.C. §§1331 and 1343.

**5.**  **Name the parties who disagree and the reasons.**

   None.

**6.**  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None.

**7.**  **List anticipated interventions.**

   None.

**8.**  **Describe class-action issues.**

   None.

**9.**  **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   Parties have agreed to provide these disclosures to one another on or about May 20, 2011.

**10.**  **Describe the proposed agreed discovery plan, including:**

  **A.**  **Responses to all the matters raised in Rule 26(f).**

  <u>Rule 26(f)(2).</u> The parties anticipate that discovery will commence on or before May 20, 2011, with service of written discovery requests. Depositions of the parties, including under Rule 30(b)(6), will commence after the production of the information, documents, and things requested by the parties in their first set of written discovery requests. It is anticipated that July of 2010 is the earliest date by which depositions will be taken.

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
<u>**UNDER RULE 26(F) OF THE FEDERAL RULES OF CIVIL PROCEDURE**</u>       Page 2

Rule 26(f)(3)(A). – No changes requested. Initial disclosures will be made on or about May 20, 2011.

Rule 26(f)(B) – Discovery Sought by the Plaintiff.

- Whether Plaintiff was fired, in whole or in part, because of his complaints about his employer's failure and refusal to take steps necessary to comply with the law and ensure the safety and well-being of the disabled and elderly patients residing in the Assisted Living Facility.

- Whether Plaintiff was fired, in whole or in part, because of his race.

- The communications between and among the Defendants and its/their agents about the problems he identified with the services or lack thereof being delivered to the residents; management's knowledge of these or similar problems – and when it knew or should have known; whether the problems were remedied and, if so, when and, how, and by whom; the economic value of the wages and benefits Plaintiff would have received had he remained employed by the Defendants from the date of his termination through the date of trial; the defendants' net worth.

- Whether Defendants' stated non-discriminatory reason(s) for terminating Plaintiff's employment is/are pretextual. Pretext may be shown in a number of ways, with the most common being whether the stated reason(s) is/are true, which may itself depend on the testifier's credibility. Other circumstantial evidence that can prove or tend to prove pretext include evidence of bias, which can come in many forms; whether the decision in question comported with normal policies and/or prior practices in the employer's Assisted Living Facilities; whether there are contemporaneous writings supporting or refuting the stated reason(s); whether the stated investigation of Plaintiff's complaint was unfair or irregular; shifting explanations; double standards; bias(es) of defendants' witnesses; and other incidents of disparate treatment, to name a few.

Rule 26(f)(B) – Discovery Sought by the Defendants.

Defendants intend to serve discovery requests seeking information about Plaintiff's allegations and his evidence in support of these allegations, factual or otherwise. Further, Defendants intend to seek information regarding Plaintiff's alleged damages and quantification of these damages, as well as his efforts to mitigate these damages by seeking alternate employment subsequent to his termination.

Rule 26(f)(C) – The parties have touched base on the question of ESI but need to explore further. Plaintiff wants ESI produced in its native format in a manner that preserves the

integrity of the files on a DVD and any redactions thereto be clearly identified. Defendants prefer to produce documents initially in paper format and will agree to subsequently produce documents in electronic format as necessary.

Rule 26(f)(D) – The parties are conferring to devise a mutually agreeable order regarding claims of privilege or of protection as trial-preparation material asserted after production.

**B.     When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff will serve his first set of interrogatories on or about May 20, 2011.

**C.     When and to whom the defendants anticipate it may send interrogatories.**

Defendants will serve their first set of interrogatories on or about May 20, 2011.

**D.     Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates the depositions of the defendant itself under Rule 30(b)(6) and of Les Stevens, Regional Director of Operations, Corliss Tillman, Regional Director of Quality Services, and any expert(s) designated by the defendant. There may be others. Counsel have discussed the timing question and tentatively set the dates of July 12, 13, and 14, 2011 for the first few depositions.

**E.     Of whom and by when the defendant anticipates taking oral depositions**

Defendants intend to take the deposition of Stephen Crowell, and any experts designated by Plaintiff. There may be others. Counsel have discussed the timing question and tentatively set the dates of July 12, 13, and 14, 2011 for the first few depositions. The parties have agreed that Defendants are permitted to take Plaintiff's deposition prior to any depositions to be taken by Plaintiff.

**F.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff will be able to designate experts and provide the requisite reports by October 1, 2011. Defendants will be able to designate experts and provide the requisite reports by November 1, 2011.

      **G.**    **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

      Plaintiff anticipates taking expert depositions by early December 2011.

      **H.**    **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

      Defendants anticipate taking expert depositions by early November 2011.

**11.**    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

      Plaintiff anticipates the following discovery issues:

    1.    <u>Tax Returns</u>. Plaintiff agrees to produce his W-2s and 1099s and any other document to evidence his post-termination earned income. Plaintiff maintains that his tax return in and of itself is not discoverable.

    2.    <u>Medical Records</u>. Plaintiff maintains that this case is a garden variety mental anguish claim, which means that medical records are generally not discoverable. Plaintiff's counsel agrees, however, that if Plaintiff sought professional counseling regarding his employment with or termination from the defendant, those particular records will likely be discoverable.

    3.    <u>Personnel Files</u>. Plaintiff will request personnel files of those employees who played a role in the events leading up to this lawsuit. Plaintiff does not want social security numbers, or any medical information about the person or his/her family. Plaintiff will seek standard items like employment applications, resumes, background checks, licenses/certifications, information from third parties, notes, performance reviews, disciplinary actions, compliments and complaints, and the like. Plaintiff does not believe that those documents are confidential but agrees that they be used only for the purposes of this litigation.

    4.    <u>Documents Requested</u>. Plaintiff will ask to see the originals of paper documents and then decide which to scan. Plaintiff's counsel intends to take a scanner to the document production. Plaintiff requests relevant e-mails, and that they be downloaded to a DVD.

      Defendants at this time feel that the above issues are premature and should be revisited once the parties have propounded initial discovery requests. Defendants disagree with Plaintiff's position on many of these issues, but understand the parties will need to confer before filing

any discovery-related motions, and so the issues raised can be addressed at that time if needed.

12.     **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

13.     **State the date the planned discovery can reasonably be completed.**

January 31, 2012.

14.     **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties anticipate that settlement discussions will likely take place after initial depositions are completed.

15.     **Describe what each party has done or agreed to do to bring about a prompt resolution.**

Counsel for the parties have spoken about the possibility of a prompt resolution and believe that we should re-visit the subject after the initial depositions are completed.

16.     **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Counsel for the parties have spoken about the possibility of mediation, and believe that the likelihood of successfully resolving the matter through mediation would be enhanced if it is scheduled to take place after the initial depositions.

17.     **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties wish to try the case before an Article III judge.

18.     **State whether a jury demand has been made and if it was made on time.**

Yes and yes.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The parties' initial assessment is that it will take five full days of trial to present the evidence in this case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    Defendants' Partial Motion to Dismiss for Failure to State a Claim or in the Alternative Motion for More Definite Statement

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None at this time.

23. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

    **Counsel for Plaintiff(s)**
    Margaret A. Harris
    State Bar No. 09081400
    1007 Heights Boulevard
    Houston, Texas  77008
    713-526-5677
    Fax 713-526-5691

    **Counsel for Defendant(s)**
    Kristin L. Bauer
    State Bar No. 24006813
    S.D. Bar No. 23790
    Allyson L. Johnson
    Texas Bar No. 24054005
    S.D. Bar No. 1140084
    Jackson Lewis LLP
    3811 Turtle Creek Boulevard, Suite 500
    Dallas, Texas  75219
    PH:  (214) 520-2400
    FX:  (214) 520-2008

| | |
|---|---|
| By:    /s/ Margaret Harris<br>      Margaret A. Harris<br>      State Bar No. 09081400<br>      1007 Heights Boulevard<br>      Houston, Texas 77008<br>      713-526-5677<br>      Fax 713-526-5691<br><br>**Counsel for Plaintiff(s)** | By:    /s/ Kristin L. Bauer<br>      Kristin L. Bauer<br>      State Bar No. 24006813<br>      S.D. Bar No. 23790<br>      Allyson L. Johnson<br>      Texas Bar No. 24054005<br>      SD Bar No. 1140084<br>      Jackson Lewis LLP<br>      3811 Turtle Creek Boulevard, Suite 500<br>      Dallas, Texas 75219<br>      PH: (214) 520-2400<br>      FX: (214) 520-2008<br><br>**Counsel for Defendant(s)** |

4816-2214-5289, v. 1