UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Stephen Crowell, § | | CIVIL ACTION NO. 11-393 |
|     Plaintiff, § | | |
| § | | |
| vs. § | | |
| § | | |
| ESC-NGH, L.P. d/b/a Emeritus at Champion § | | |
| Oaks a/k/a Emeritus Senior Living, § | | |
| and Emeritus Corporation § | | |
|     Defendants. § | | A JURY IS DEMANDED |

**Plaintiff's Motion to Lift the Stay and Reinstate the Retaliation Claim**

The plaintiff, Stephen Crowell, respectfully asks the Court to lift the stay on his case and reinstate his case, including his whistleblower claim under the Assisted Living Facility Act (Tex. Health & Safety Code Ann. §§ 247.001, *et. seq*. (Vernon 2011) (ALFA).

**Procedural Background**

Stephen Crowell filed this lawsuit in Harris County District Court on December 23, 2010. Crowell alleges that he was terminated for blowing the whistle about patient safety and the unsafe operation of the assisted living facility he managed for Emeritus called Champion Oaks. Crowell alleged that this termination violated the anti-retaliation provision of ALFA. Tex. Health & Safety Code § 247.068. Crowell also alleged that he was fired because of his race in violation of 42 U.S.C. § 1981.

Defendants Emeritus Corporation and ESC-NGH, L.P., removed this action to federal court on January 28, 2011, on the basis of federal question jurisdiction. (Dkt. 1, Notice of Removal). Six days later, the defendants moved to dismiss Crowell's retaliation claim under ALFA, but did not address Crowell's claim of race discrimination under § 1981. (Dkt. 4).

Crowell responded in opposition (Dkt. 9), which was followed by the defendants reply (Dkt. 10), and the plaintiff's surreply (Dkt. 11).

On July 1, 2011, the Court granted the motion to dismiss, accepting Emeritus' argument that there was no private cause of action under ALFA. (Dkt. 17). But, just five days later, on July 6, 2011, the El Paso Court of Appeals held otherwise, affirming the existence of a private cause of action under ALFA. *Emeritus Corp. v. Blanco*, 355 S.W.3d 270 (Tex. App.–El Paso 2011, pet. denied).[1] In that state court action, the plaintiff Lillian Blanco sued her employer under ALFA, alleging she was fired in retaliation for her concerns about understaffing and inadequate training leading to problems getting residents proper medical attention. Following a favorable jury verdict for Blanco, Emeritus raised three issues on appeal: (1) whether ALFA provided a private cause of action for retaliation, (2) whether the jury had sufficient evidence to find that Blanco was constructively discharged, and (3) whether the jury had sufficient evidence to find Blanco was retaliated against. The El Paso Court of Appeals overruled all three issues and affirmed Blanco's verdict.

Because the question of whether Crowell can state a claim under ALFA is one of state law, and in light of *Blanco*, Crowell filed a motion for reconsideration on the whistleblower claim. (Dkt. 18). Meanwhile, Emeritus sought review of *Blanco* by the Texas Supreme Court. Crowell's case was stayed on September 9, 2011, pending resolution of the state court appellate proceedings in *Blanco*. (Dkt. 20). The Court denied Crowell's motion for reconsideration without prejudice to re-urge it when the *Blanco* appeal got resolved. *Id.*

---

[1] The party defendant in Crowell's case is the same party that Blanco sued in state court in El Paso.

**Current Status**

The *Blanco* appeal has now been resolved. The Texas Supreme Court rejected Emeritus' petition for review. *Emeritus Corp. v. Blanco*, Case No. 11-1031, Order Denying Petition for Review (8/31/2012); Ex. A, Notice of Denial of Petition for Review. And the Texas Supreme Court denied Emeritus' request for rehearing *Emeritus Corp. v. Blanco*, Case No. 11-1031, Order Denying Motion for Rehearing (10/26/2012); Ex. B, Notice of Denial of Motion for Rehearing.

The Texas Supreme Court's action means that the El Paso Court of Appeals decision in *Blanco*, affirming the existence of a private cause of action for retaliation under ALFA, is the controlling precedent under Texas state law. Crowell's § 1981 claim was never subject to a motion to dismiss, but was merely stayed along with the ALFA claim. Both of Crowell's claims are once again ready to be litigated.

**Conclusion**

Now that the state appellate court proceedings have concluded, Crowell asks the Court to lift the stay on his § 1981 claim. And, based on the arguments Crowell raised in his motion for reconsideration (Dkt. 18) and following the authority of *Blanco*, he also asks the Court to reinstate his retaliation claim under the Assisted Living Facility Licensing Act.

Respectfully submitted,

s/ Paul R. Harris
Margaret A. Harris*
Federal I.D. No. 87
State Bar No. 09081400
Paul R. Harris

                                                        Federal I.D. No. 4734
                                                        State Bar No. 24059905
                                                        1007 Heights Boulevard
                                                        Houston, Texas  77008
                                                        (713) 526-5677
                                                        Fax (888) 370-5038

                                                        *Attorney in charge for Plaintiff

### Certificate of Service

      I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Southern District of Texas on March 5, 2013, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

      Kristin L. Bauer

                                                          /s/ Paul R. Harris