IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN CROWELL, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:11-cv-393 |
| | § | |
| ESC-NGH, L.P. d/b/a EMERITUS AT | § | |
| CHAMPION OAKS a/k/a EMERITUS | § | |
| SENIOR LIVING, AND EMERITUS | § | |
| CORPORATION | § | |
| Defendants. | § | |

## CONFIDENTIALITY AND PROTECTIVE ORDER

Before the court is the joint motion of the parties for the entry of a confidentiality and protective order ("Protective Order"). After careful consideration, it is hereby ORDERED as follows:

**1.     "Confidential" Information**

"Confidential Information" means any information of any type, kind, or character that is designated as "Confidential" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise. A party shall designate as Confidential Information only such information that the party in good faith believes is in fact confidential.

Information and documents that may be designated as Confidential Information are trade secrets, vendor lists, proprietary financial information, operational data, business plans, and competitive analyses, employees' (and former employees') medical information and that of any

family members, employees' social security numbers, personal financial information, and compensation, and personal information that is protected by law; and information which identifies past and present residents of an Emeritus facility and/or their family members, guardians, or the like.

**2. Qualified Persons**

"Qualified Persons," means those who, without further order of the Court, are those to whom Confidential Information may be disclosed under the terms stated herein:

i. Retained counsel for the parties in this litigation and their respective staff;

ii. Actual or potential independent technical experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed a document agreeing to be bound by the terms of this protective order (such signed document to be maintained by the attorney retaining such person);

iii. This court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

iv. The party, if a natural person;

v. If the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney designating such person);

vi. Litigation vendors, court reporters, and other litigation support personnel;

vii. Any person who was an author, addressee, or intended or authorized recipient of the Confidential Information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential Information but not retain a copy.

c. Should a party wish to disclose Confidential Information to any individual or entity not delineated in this Order, the parties should first attempt to reach

agreement and, if no agreement is reached, the party desiring to so disclose this information may seek Court approval.  Should the identity of any individual or entity to whom or which disclosure is desired be protected by work product, the party seeking court approval may submit the information so protected for in camera review by the court.

.

### 3.  Use of Confidential Information

All Confidential information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

### 4.  Marking of Documents

Documents provided in this litigation may be designated by the producing person or by any party as Confidential Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential."  In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided.  Originals shall be preserved for inspection.

The parties, when producing documents or information about any past or present resident of an Emeritus facility, whether the documents or information is derived from the resident's files or elsewhere, should redact the following information prior to producing the documents:  the resident's name, social security number, and home telephone number if it is unlisted. The parties should substitute the resident's name with an agreed upon code name, such as "Resident A," "Resident B," "Resident C," etcetera.  The parties will jointly maintain a list of the names of the resident that correspond to "Resident A," "Resident B," "Resident C," etcetera. This list may be used only in connection with the instant lawsuit and for no other purpose. Access to this list is

expressly given only to Qualified Persons. At no point will this list be introduced into evidence at any pretrial or trial proceeding in this action absent a court order.

### 5. Disclosure at Depositions

Confidential Information disclosed at a deposition in the case may be designated by any party as Confidential Information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order.

The parties and their counsel must exercise due diligence to timely designate information as confidential. The parties contemplate that there will rarely be instances in which either party fails to make a timely objection. If an inadvertent disclosure of information which clearly falls within the definition in the Order occurs, the recipient shall treat the information as protected under the Order unless and until otherwise agreed, or the party producing the information unreasonably delays in making the designation.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Confidential Information with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing Confidential Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from deposition any person who is not authorized to receive Confidential Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Confidential Information is being used or discussed.

### 6.    Disclosure Other Than to Qualified Persons

Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; provided, however, that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information..

7. **Retention of Copies During This Litigation.**

Any documents produced in this litigation, that are protected from disclosure under this Order, that are provided to Qualified Persons shall be maintained only at the office of Qualified Persons and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Confidential Information may be prepared by independent copy services, printers or illustrators for the purpose of this litigation.  The recipients of this information must take all reasonable steps to avoid disclosure of this information to third parties.

8. **Unintentional Disclosures**

Documents unintentionally produced without designation as Confidential Information later may be designated and shall be treated as Confidential Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosures of Confidential Information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

9. **Consent to Disclosure and Use in Examination**

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Confidential Information consents to such disclosure or, if the court, after notice to all affected parties, orders such disclosures.

### 10.  Challenging the Designation

*Confidential Information.*   A party shall not be obligated to challenge the propriety of a designation as Confidential Information at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event any party to this litigation disagrees at any state of these proceedings with the designation by the designating party of any information as Confidential Information, the parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as Confidential Information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Confidential Information unless and until the court orders otherwise. Failure to move for an order shall constitute a termination of such item as Confidential Information.

### 11.    Manner of Use in Proceedings

In the event a party wishes to use any Confidential Information in affidavits, declarations, briefs, memoranda of law or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g. in connection with discovery and evidentiary motions) provide the information solely for in camera review; or (3) file such information under seal with the court consistent with the sealing requirements of the court.

**12. Filing Under Seal**

The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other papers filed under seal with the Court in this litigation which have been designated in whole or in part as Confidential Information by any party to this litigation consistent with the sealing requirements of the court.

**13. Ongoing Obligations**

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

**14. Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

SIGNED AND ENTERED this ____ day of _____, 2014.

_____
**UNITED STATES DISTRICT JUDGE**